<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MAC TRUONG, et al., | : | |
| | : | Civ. No. 06-3464 (DRD) |
| Appellants, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| STEVEN KARTZMAN, | : | |
| Chapter 7 Trustee | : | |
| | : | |
| Appellee. | : | |
| _____ | : | |

MAC TROUNG
HUGH MAC-TRUONG
MARYSE MAC-TRUONG
325 Broadway
New York, New York 10007
    Appellants, Pro Se

HELLRING LINDEMAN GOLDSTEIN & SIEGAL, LLP
One Gateway Center
Newark, New Jersey 07102-5386
    Special Counsel for Appellee Steven P. Kartzman

**Debevoise, Senior District Court Judge**

    Debtors, Mac Truong and Maryse Mac-Truong and defendant Hugh Mac-Truong, filed an appeal from two orders of the United States Bankruptcy Court: i) Order Denying Motion or Application for the Entry of an Order to Vacate Court Order dated March 20, 2006 entered on May 18, 2006 and ii) Order Imposing Filing Injunction Against Hugh Mac-Truong signed on May 18, 2006 entered on May 19, 2006.

    Two motions are presently before the court. Steven P. Kartzman, Chapter 7 Trustee, moves for an order dismissing the appeal. Appellants move for an order: i) reassigning the

instant action to another judge of this court except the Honorable Dennis M. Cavanaugh and ii) granting Appellant an extension of time to file their designation of items to be included in the record on appeal directly with the District Court.

The first motion that should be addressed is the motion to transfer the case to another judge. Only the Chief Judge of the district has the authority to effect such a transfer, but the motion is, in effect, a motion that the undersigned judge disqualify himself. It will be treated as such, and the court has the authority to address it.

In his certification Mac Truong recites that on or about March 20, 2006 the Bankruptcy Court issued an order restricting Mac Truong's and his wife's filing any pleadings without first having obtained leave from the Bankruptcy Court. On May 18, 2006 the Bankruptcy Court denied motions to reconsider that order. Mac Truong also recites that thereafter the Bankruptcy Court issued a similar order restricting the filing of pleadings by his son, Hugh Mac-Truong. These are the orders that are the subject of the pending appeal.

In his certification Mac Truong asserts that Kartzman committed a number of misdeeds in the course of the bankruptcy proceedings.

The grounds for Mac Truong's motion that the undersigned judge disqualify himself from this appeal are that the undersigned heard and decided an ethics proceeding that Mac Truong brought in this court against Kartzman, Truong v. Kartzman, Misc. No. 05-MC-389. The court dismissed the complaint and during the course of its opinion made numerous findings adverse to Mac Truong. For example:

> Mac Truong obviously has deluged the Bankruptcy Court with motions, all of which, apparently, he lost. Apparently the motions became so oppressive that the Bankruptcy Court issued its march 20, 2006 order enjoining further motions

2

>without prior Court approval.  Mac Truong cannot through the vehicle of this ethics complaint obtain a review of the actions of the Bankruptcy Court.  There is an appeal process through which review of Bankruptcy Court orders can be obtained, which Mac Truong has failed to pursue.

It is Mac Truong's position that the court, having made those observations in the ethics proceedings, cannot hear the instant appeal.  Thus he sees a reassignment to any judge other than Judge Cavanaugh who has also decided a case against Mac Truong.

Mac Truong is not proceeding under 28 U.S.C. §144 as he has not filed the necessary affidavit.  In any event the facts stated in his certification if set forth in affidavit form would not constitute a "sufficient" affidavit.  Rather, Mac Truong must be relying upon 28 U.S.C. §455, which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

"The grounds for disqualifying a judge whose impartiality is in question must be evaluated objectively.  The standard for recusal is whether a reasonable person, with knowledge and understanding of all of the relevant facts, would conclude that the judge's impartiality might reasonably be questioned."  Moore's Federal Practice §63.20[4].

Mac Truong asserts nothing that occurred outside the context of a decision in a case in court that would suggest that the undersigned judge has a bias or a prejudice against him.  "A judge's adverse rulings in the course of a judicial proceeding almost never constitute a valid basis for disqualification based on bias or partiality."  Id. at §63.21[4].  The reason for this is that a judge views a case on the basis of the evidence presented in that case, not the evidence presented in some earlier case.  He or she is capable of, and would be expected to, come to a different result if the evidence or legal presentation warranted it.

3

There is one matter which Mac Truong did not mention. He filed a motion for reconsideration of the decision in the earlier case. In his brief he threatened to bring suit against the undersigned judge if he did not sua sponte vacate his May 5, 2006 order. Lawsuits or complaints brought against the judge by a party do not ordinarily require disqualification. Rafferty v. NYNEX Corp., 60 F.3d 844, 848 n. 4 (D.C. Civ. 1995). To require recusal in that circumstance would allow a litigant to judge shop.

In short, Mac Truong has asserted no ground for the undersigned judge to disqualify himself and his motion that he do so will be denied.

Turning to the Trustees's motion to dismiss the appeal, on May 25, 2006 debtors, Mac Truong and Maryse Mac-Truong and defendant Hugh Mac-Truong filed in the Bankruptcy Court a notice of appeal from the March 20, 2006 and May 18, 2006 orders of the Bankruptcy Court. The July 28, 2006 Transmittal of the Record on Appeal to the District Court was accompanied by a Certification of Failure to File Designation of Record which recited:

> Pursuant to the provisions of Bankruptcy Rule 8006 an appellant has ten (10) days from the date of filing a Notice of Appeal within which to file a Designation of Items to be included in the Record and an [sic] Statement of Issues to be presented.
>
> To date, the appellant has failed to file such Designation and Statement or to request an extension of time within which to file same.

The Trustee advances two grounds for his motion to dismiss the appeal: i) the failure to file in a timely manner a Designation of the Items to be included in the Record and a Statement of the Issues to be Presented and ii) the order appealed form is interlocutory, and the appellants have failed to obtain leave to appeal as required by 28 U.S.C. §158(a).

Appellants contend that they were excused from filing the Designation and Statement by

reason of the Bankruptcy Court's orders against filing further motions without prior court permission. The orders did not prevent Appellants from filing their notice of appeal, and there was nothing to prevent them, if they thought it necessary, to seek permission from the Bankruptcy Court to file the Designation and Statement.

In addition, as part of its opposition to the motion to dismiss appeal (and also in support of its motion to transfer the case) the appellants have reargued the merits of the dismissal of the ethics complaint and submitted a two-volume, 1 3/4 inch thick, Answer (with Appendix) to Rule to Show cause why Mac Truong should not be disbarred from practice in the United States Supreme Court. As explained above, the court's participation and decision in the ethics proceeding that Mac Truong brought against Kartzman do not require transfer of this case and have no relevance to the merits of the motion to dismiss.

It is unnecessary to address the question whether the orders appealed from are injunctive orders and appealable as of right. Failure to have filed a Designation of Items to be Included in the Record and a Statement of Issues to be Presented is sufficient ground to dismiss the appeal. The Bankruptcy Rules provide that a party seeking to appeal from a judgment of a bankruptcy judge to the district court must file a notice of appeal with the clerk of the bankruptcy court within the ten days of entry of the contested order. Bankr R. 8001(a), 8002(a). Within ten days after filing of the notice of appeal, "the appellant shall file with the clerk of the bankruptcy court and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Bankr. R. 8006.

The district court shall have discretionary power to dismiss an appeal if the appellant fails to take any step required under the rules for proper prosecution of that appeal. Bankr. R.

8001(a), see, e.g., International Brotherhood of Teamsters v. Braniff Airways, Inc., 774 F. 2d 1303 (5th Cir. 1985).

      Here Appellants filed their notice of appeal on May 25, 2006.  No designation of the record or statement of issues was filed.  On July 28, 2006 the Bankruptcy Court filed a Certification of Failure to File Designation of Record and that Appellants had failed to request an extension of time within which to file such a designation.

      Mac Truong is an experienced practitioner of the law.  He is engaged in a number of proceedings in this and other courts.  It is particularly important in light of so many pending and interrelated proceedings that court rules be followed with care so as to avoid utter chaos.  Appellants offer no good reason for not complying with the rules in this instance.  Their motion for an extension of time to file a designation and statement will be denied.

                                                   /s/ Dickinson R. Debevoise
                                                     DICKINSON R. DEBEVOISE
Dated: September 25, 2006                              U.S.S.D.J.